COPY

1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
   MEGAN ROSS HUTCHINS, ESQ., SBN 227776
3  MHUTCHINS@MICHAELTRACYLAW.COM
4  LAW OFFICES OF MICHAEL TRACY
   2030 Main Street, Suite 1300
5  Irvine, CA 92614
   T: (949) 260-9171
6  F: (866) 365-3051
7
8  Attorneys for Plaintiff RANJIT SODHI

9           UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA

11                                          CV09 08927 GHK VBK
   RANJIT SODHI, an individual, on behalf | Case No.:
12 of herself and other similarly situated and
   on behalf of The State of California Labor | CLASS ACTION COMPLAINT FOR
13 and Workforce Development Agency as a | UNPAID OVERTIME UNDER
14 Private Attorney General                | CALIFORNIA LABOR CODE,
                                            | MEAL BREAKS, IMPROPER PAY
15            Plaintiff,                    | STUBS, WAITING TIME
16                                          | PENALTIES, FAILURE TO
       vs.                                  | PRODUCE RECORDS,  AND
17                                          | UNFAIR BUSINESS PRACTICES
18 GRASSHOPPER HOUSE LLC, A
   CALIFORNIA LIMITED LIABILITY            | COLLECTIVE ACTION FOR
19 COMPANY;  CHRIS PRENTISS, AN            | OVERTIME UNDER THE FLSA
20 INDIVIDUAL; PAX PRENTISS, AN
   INDIVIDUAL; JEFF MCNAIRY, AN            | PRIVATE ATTORNEY GENERAL
21 INDIVIDUAL; and DOES 1 through 10,      | CLAIMS FOR UNPAID OVERTIME,
22 inclusive,                              | MISSED MEAL BREAKS,
                                           | IMPROPER PAY STUBS, AND
23            Defendants.                   | IMPROPER RECORD KEEPING
24
25                                          | DEMAND FOR JURY TRIAL

26 Plaintiff, RANJIT SODHI, alleges:

27                    **JURISDICTION**
28    1.    This Court has jurisdiction over this matter because this complaint

---

-1-
COMPLAINT FOR LABOR VIOLATIONS

1    alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2       2.      This court has supplemental jurisdiction of all the State law claims

3   under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts –

4   namely whether Plaintiff performed work and was not paid overtime wages and

5   whether that failure to pay was willful. The failure to provide proper pay check stubs

6   is also directly related to the FLSA claims because Plaintiff is alleging that the pay

7   check stubs are inaccurate because they did not list the overtime required by the

8   FLSA. The waiting time penalty claim is directly related to whether the failure to

9   pay overtime required by the FLSA was willful. As such, all the claims make up the

10   same case or controversy under Article III of the United States Constitution.

11                        **GENERAL ALLEGATIONS**

12       3.      This Court is the proper court and this action is properly filed in the

13   County of Los Angeles and in this judicial district because Defendants do business in

14   the County of Los Angeles, and because Defendants' obligations and liabilities arise

15   therein, and because the work that was performed by Plaintiff in the County of Los

16   Angeles is the subject of this action.

17       4.      This complaint contains causes of action brought pursuant to Labor

18   Code § 2698, et seq. which allows Plaintiff to sue on behalf of the State of California

19   Labor and Workforce Development Agency ("LWDA") as a Private Attorney

20   General. Pursuant to Labor Code § 2699(i), 75% of any penalties recovered under

21   this third type of action will be paid to the LWDA, with the Plaintiff receiving the

22   remaining 25%.

23       5.      Private Attorney General Act causes of action do not require class

24   certification.

25       6.      The true names and capacities of DOES 1 through 10 are unknown to

26   Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will

27   amend this Complaint to show their true names and capacities when they have been

28   ascertained. Plaintiff is informed and believes, and hereon alleges, that some such

1  Doe defendants are residents of California.

2      7.      Plaintiff is informed and believes that Defendants, each and all of them,

3  at all times material hereto, were the joint employers, parent companies, successor

4  companies, predecessors in interest, affiliates, agents, employees, servants, joint

5  venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the

6  remaining Defendants.  The Defendants, unless otherwise alleged, at all times

7  material hereto, performed all acts and omissions alleged herein within the course

8  and scope of said relationship, and are a proximate cause of Plaintiff's damages as

9  herein alleged.

10                          **PARTIES**

11     8.      Plaintiff RANJIT SODHI ("SODHI") was jointly employed by

12 Defendants from July 1, 2002 through January 9, 2009.

13     9.      Defendant GRASSHOPPER HOUSE LLC ("GRASSHOPPER") is a

14 California limited liability company doing business in the County of Los Angeles,

15 State of California.

16     10.     Defendant CHRIS PRENTISS ("CHRIS") is an individual doing

17 business in the County of Los Angeles, State of California.

18     11.     Defendant PAX PRENTISS ("PAX") is an individual doing business in

19 the County of Los Angeles, State of California.

20     12.     Defendant JEFF MCNAIRY ("MCHAIRY") is an individual doing

21 business in the County of Los Angeles, State of California.

22                    **CLASS ACTION ALLEGATIONS**

23     13.     Plaintiff brings this action on behalf of himself and all others similarly

24 situated as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3).  Plaintiff seeks to

25 represent a class of all hourly healthcare employees and who are currently employed or

26 have been employed by defendants within the State of California who at any time four (4)

27 years prior to the filing of this lawsuit: (1) worked more than 8 hours in a day or 80 hours in

28 a two-week period without being compensated at the proper premium rate, (2) worked more

-3-
COMPLAINT FOR LABOR VIOLATIONS

1  than five hours without a proper meal break, or (3) were willfully not paid all wages upon

2  leaving employment.

3      14.    Plaintiff was an hourly employee whose overtime was only paid when more

4  than 80 hours in a two week period was worked.

5      15.    Although California law allows overtime to be computed in such a manner,

6  the Fair Labor Standards Act only allows a 80 hour bi-weekly period to be used if daily

7  overtime is paid after 8 hours in a day.  Plaintiff was not paid overtime after 8 hours in a

8  day.

9      16.    GRASSHOPPER's computation of bi-weekly overtime was a companywide

10  policy that applied to all hourly employees.

11      17.    In addition to unpaid overtime, Plaintiff was required to work through her

12  lunch breaks by eating with patients.  This was a company practice and all healthcare

13  employees were required to work through their lunch breaks in this fashion.

14      18.    Plaintiff proposes the following Class which will be referred to as the

15  "California Overtime Class:"

16          All persons who, from three years prior to the commencement of this

17          action up to the time of judgment, worked as hourly healthcare

18          employees for GRASSHOPPER.

19      19.    Plaintiff proposes the following Class which will be referred to as the

20  "California Paystub Class:"

21          All persons who, from one years prior to the commencement of this

22          action up to the time of judgment, worked as hourly healthcare

23          employees for GRASSHOPPER.

24      20.    Plaintiff proposes the following Class which will be referred to as the "Hourly

25  Employee Class:"

26          All persons who, from four years prior to the commencement of this

27          action up to the time of judgment, worked as hourly employees for

28          GRASSHOPPER and had overtime computed based on 80 hours in a

-4-
COMPLAINT FOR LABOR VIOLATIONS

1    two-week period.

2    21.    Plaintiff proposes the following Class which will be referred to as the

3    "Healthcare Class:"

4        All persons who, from four years prior to the commencement of this

5        action up to the time of judgment, worked as hourly healthcare

6        employees for GRASSHOPPER.

7    22.    Plaintiff proposes the following Class which will be referred to as the

8    "California Waiting Time Class:"

9        All persons who are a member of either the Hourly Employee Class or

10       the Healthcare Class and whose employment ended with

11       GRASSHOPPER any point after three (3) years prior to the

12       commencement of this action.

13   23.    This action has been brought and may properly be maintained as a class

14   action under Rule 23 because there is a well-defined community of interest in the litigation

15   and the proposed class is easily ascertainable.

16   24.    A Class Action is a superior method for bringing this action in that there is a

17   well defined community of interest in the questions of law and fact.  Questions of law and

18   fact common to the class action include, but are not limited to:

19       a.  Whether GRASSHOPPER failed and continues to fail to pay a proper

20           overtime.

21       b.  Whether GRASSHOPPER failed and continues to fail to allow and

22           properly track meal breaks taken by employees.

23       c.  Whether GRASSHOPPER willfully refused and continues to refuse to pay

24           employees whose employment with GRASSHOPPER has been terminated

25           all of their wages upon termination.

26   25.    Plaintiff and the Class Action Plaintiffs are similarly situated, have

27   substantially similar job duties, have substantially similar pay provisions, and are all subject

28   to Defendants' illegal labor violations in their refusal to pay proper overtime, their refusal

-5-
COMPLAINT FOR LABOR VIOLATIONS

to properly pay for missed meal breaks, and their refusal to pay employees all of their wages upon termination.

26.    The claims of the Plaintiff are typical of those of the class, and plaintiff will fairly and adequately represent the interests of the class.

27.    The persons of this class are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. While the precise number of proposed class members has not yet been determined, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over 150 hourly employees.

28.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants.

29.    The questions of law and fact common to the members of the Class predominate over any questions affecting only individual member, including legal and factual issues relating to liability and damages.

30.    Class action treatment will allow those similarly situated person to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

31.    In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the class action, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

## COLLECTIVE ACTION ALLEGATIONS

32.    Plaintiffs bring the Fourth Cause of Action for violation of the Fair Labor Standards Act (hereinafter "FLSA") as a collective action pursuant to Section

16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly employees of GRASSHOPPER who were paid overtime based on 80 hours in a two-week period. ("Collective Action Plaintiffs").

33.    The Fourth Cause of Action for violations of the FLSA is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all violations of the FLSA.

34.    A Collective Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact.  Questions of law and fact common to the collective action include, but are not limited to:

      a.  Whether GRASSHOPPER failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

      b.  Whether GRASSHOPPER's policy and practice of failing to pay overtime was willful, within the meaning of the FLSA.

      c.  Whether GRASSHOPPER is subject to the provisions of the FLSA.

35.    Plaintiff and the Collective Action Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' refusal to pay proper overtime in violation of the FLSA.  The claims of the Plaintiff are typical of those of the class and plaintiff will fairly and adequately represent the interests of the class.

36.    The persons of this class of are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the court.  In addition, each class member must give his or her permission to be represented in this action under the "opt-in" provisions of 29 U.S.C. § 216(b).

37.    In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the collective action, as defined above, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

COMPLAINT FOR LABOR VIOLATIONS

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

38.     Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney General Act ("PAGA") of 2004,  Plaintiff is entitled to recover civil penalties on behalf of herself and other current or former employees provided the notice and other procedures prescribed by the statute are followed.

39.     Plaintiff is pursuing civil penalties for violations of Cal. Labor Code Sections 226, subdivision (a), 510, 226.7, 1198, and 212.  These sections are all listed in Cal. Labor Code § 2699.5. As such, the procedures for this action are specified in Cal. Labor Code § 2699.3(a).

40.     Plaintiff is an aggrieved employee of some of these labor violations as set out in this complaint.  She brings the PAGA causes of action for violations against all AGGRIEVED EMPLOYEES, as defined below.

41.     Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants stating the above mentioned code violations with facts to support each allegation. The certified mail was postmarked October 22, 2009.  A copy of this notification is attached as Exhibit A.

42.     The LWDA has failed to notify Plaintiff that they intent to investigate the allegations, and more than 33 days have elapsed since notice was sent.  As such, Plaintiff may commence a civil action pursuant to Cal. Labor Code § 2699.

43.     Cal. Labor Code § 2699(i) requires that any civil penalties be split with 75% paid to the LWDA and 25% paid to Plaintiff.

44.     The PAGA causes of action are brought for labor violations committed on the following group of AGGRIEVED EMPLOYEES: All hourly employees working for Employer who work on a two-week, eighty (80) hour work period. That is, hourly employees who are only paid overtime after 80 hours in a two-week period.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

### (AGAINST GRASSHOPPER and DOES 1-5)

45.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 44.

46.    This cause of action is brought against GRASSHOPPER and DOES 1-5, jointly and individually.

47.    This cause of action is brought on behalf of the California Overtime Class.

48.    Pursuant to Industrial Welfare Commission Order No. 5-2001, California Code of Regulations, Title 8, § 11050, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

49.    As an alternate method of paying healthcare employees, Industrial Welfare Commission Order No. 5-2001 provides that the employer can use an 80 hour bi-weekly computation method.

50.    Plaintiff and class members worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

51.    Plaintiff and class members worked more than 80 hours in a two-week period on numerous occasions.

52.    Plaintiff and class members were required to eat lunch with patients even though they were clocked out.

COMPLAINT FOR LABOR VIOLATIONS

53.   GRASSHOPPER knew the employees were performing work while clocked out on their lunch breaks and expected this work to be performed as part of the "care" they provided to their patients.

54.   This cause of action is for the overtime that would have been incurred had the lunches with patients been properly included as hours worked, provided these hours triggered overtime under either of the above computation methods.

55.   Plaintiff SODHI worked at least one pay period in which she was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

56.   Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

57.   As a proximate result of Defendants' violations, Plaintiff SODHI has been damaged in an amount in excess of $34,950 and subject to proof at time of trial. Class members were damaged in an amount subject to proof at time of trial.

58.   Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11050, Plaintiff SODHI is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED
### UNDER LABOR CODE SECTION 226
### (AGAINST GRASSHOPPER and DOES 1-5)

59.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 58.

60.   This cause of action is brought against GRASSHOPPER and DOES 1-5, jointly and individually.

61.   This cause of action is brought on behalf of the California Pay Stub Class.

62.   Pursuant to Labor Code § 226, every employer must furnish each

1  employee an itemized statement of wages and deductions at the time of payment of

2  wages.

3      63.    Defendants knowingly and intentionally furnished Plaintiff pay stubs

4  that did not accurately reflect all the information required by Labor Code § 226.

5      64.    Plaintiff and class members suffered injury in that the true total number

6  of hours worked was not printed on the pay check stub.  As a result, they were

7  underpaid for hours worked.

8      65.    Plaintiff suffered injury under this cause of action within a period of one

9  (1) year prior to the initiation of this lawsuit.

10     66.    Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment

11 against Defendants in an amount subject to proof at trial plus costs and attorney fees.

12                          **THIRD CAUSE OF ACTION**

13  **WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203**

14                **(AGAINST GRASSHOPPER and DOES 1-5)**

15     67.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

16 66.

17     68.    This cause of action is brought against GRASSHOPPER and DOES 1-5,

18 jointly and individually.

19     69.    This cause of action is brought on behalf of the California Waiting Time

20 Class.

21     70.    Plaintiff's employment with Defendants was terminated on January 9,

22 2009.

23     71.    Defendants willfully refused and continue to refuse to pay Plaintiff

24 SODHI unpaid wages as required by Labor Code § 203.  Defendants know that the

25 pay is due and are refusing to pay it.

26     72.    Plaintiff SODHI requests damages and penalties as provided by Labor

27 Code § 203 in the amount of $8,400 and subject to proof at time of trial.

28

## FOURTH CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

73.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 72.

74.     This cause of action is against all Defendants, jointly and individually.

75.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a) and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of  pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

76.     Plaintiff worked numerous weeks in excess of forty (40) hours.

77.     Plaintiff was entitled to the above overtime premiums.

78.     Defendants failed to compensate Plaintiff for any overtime premiums.

79.     This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

80.     Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

81.     Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

82.     Defendant GRASSHOPPER was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

83.     Defendant GRASSHOPPER was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

COMPLAINT FOR LABOR VIOLATIONS

84.    Defendant GRASSHOPPER conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

85.    Defendant GRASSHOPPER employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed.

86.    Defendant CHRIS was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. CHRIS was a corporate officer and/or agent of GRASSHOPPER. CHRIS acted both directly and indirectly in the interest of GRASSHOPPER, as it related to Plaintiff's employment and payment of wages.

87.    Defendant PAX was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. PAX was a corporate officer and/or agent of GRASSHOPPER. PAX acted both directly and indirectly in the interest of GRASSHOPPER, as it related to Plaintiff's employment and payment of wages.

88.    Defendant MCHAIRY was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. MCHAIRY was a corporate officer and/or agent of GRASSHOPPER. MCHAIRY acted both directly and indirectly in the interest of GRASSHOPPER, as it related to Plaintiff's employment and payment of wages.

89.    DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

90.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

91.    Plaintiff prays for judgment for overtime pay of $34,950. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

92.    Plaintiff prays for judgment for liquidated damages in the amount of $34,950. This amount is supplemental to the relief requested in all other causes of action.

93.    Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS
## CODE SECTION 17200
## (AGAINST GRASSHOPPER and DOES 1-5)

94.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 93.

95.   This cause of action is brought against GRASSHOPPER and DOES 1-5, jointly and individually.

96.   This cause of action is brought on behalf of the Healthcare Class for restitution in the form of working through meal breaks and the additional wages required to be paid for missing those meal breaks.

97.   This cause of action is brought on behalf of the Hourly Employee Class for restitution in the form of overtime that was required to be paid by the FLSA.

98.   By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

99.   By failing to pay non-overtime wages, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

100.  By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

101.  Plaintiff SODHI and class members pray for restitution under this Cause of Action in an amount subject to proof at time of trial.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAY RECORDS
## (AGAINST GRASSHOPPER and DOES 1-5)

102.  Plaintiff refers to and incorporates by reference Paragraphs 1 through

-14-
COMPLAINT FOR LABOR VIOLATIONS

1  101.

2      103.  This cause of action is brought against GRASSHOPPER and DOES 1-5,

3  jointly and individually.

4      104.  Pursuant to Labor Code § 226, employers must provide employees an

5  opportunity to inspect or copy records upon request.

6      105.  Plaintiff requested her pay records in accordance with Labor Code § 226

7  on October 22, 2009.

8      106.  Defendants have failed to provide Plaintiff with an opportunity to

9  inspect or copy her records within 21 days.

10      107.  Pursuant to Labor Code § 226, Plaintiff prays for judgment against

11  Defendants in the amount of $750, costs and attorney fees.

12      108.  Pursuant to Labor Code § 226, Plaintiff prays for an injunction requiring

13  Defendants to provide Plaintiff with all pay records under Labor Code § 226.

14  **SEVENTH CAUSE OF ACTION**

15  **CIVIL PENALTIES FOR OVERTIME VIOLATIONS**

16  **(AGAINST ALL DEFENDANTS)**

17      109.  Plaintiff refers to and incorporates by reference Paragraphs 1 through

18  108.

19      110.  This cause of action is brought against all Defendants jointly and

20  individually.

21      111.  Plaintiff SODHI is informed and believes that all AGGRIEVED

22  EMPLOYEES of Defendants were not properly paid overtime in violation of Cal.

23  Lab. Code §§ 510 and 558.

24      112.  At least one such violation against an AGGRIEVED EMPLOYEE

25  occurred within the period of time one (1) year prior to Plaintiff giving notice to the

26  LWDA.

27      113.  Cal. Labor Code § 558 provides that an "employer or other person

28  acting on behalf of an employer" who causes such a violation will be subject to a $50

-15-
COMPLAINT FOR LABOR VIOLATIONS

1  penalty for each pay period for each employee.

2  114. Defendant CHRIS acted on behalf of GRASSHOPPER and caused this

3  overtime violations.

4  115. Defendant PAX acted on behalf of GRASSHOPPER and caused this

5  overtime violations.

6  116. Defendant MCHAIRY acted on behalf of GRASSHOPPER and caused

7  this overtime violations.

8  117. Cal. Labor Code § 2699(g) provides that any "employee who prevails in

9  any action shall be entitled to an award of reasonable attorney's fees and costs."

10  118. Plaintiff SODHI prays for civil penalties in an amount in excess of

11  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

12  **EIGHTH CAUSE OF ACTION**

13  **CIVIL PENALTIES FOR BREAK VIOLATIONS**

14  **(AGAINST ALL DEFENDANTS)**

15  119. Plaintiff refers to and incorporates by reference Paragraphs 1 through

16  118.

17  120. This cause of action is brought against all Defendants jointly and

18  individually.

19  121. Plaintiff SODHI is informed and believes that all AGGRIEVED

20  EMPLOYEES of Defendants were subject to violations of Cal. Lab. Code §§ 226.7,

21  512 and 558.

22  122. At least one such violation against an AGGRIEVED EMPLOYEE

23  occurred within the period of time one (1) year prior to Plaintiff giving notice to the

24  LWDA.

25  123. Defendant CHRIS acted on behalf of GRASSHOPPER and caused this

26  meal period violations.

27  124. Defendant PAX acted on behalf of GRASSHOPPER and caused this

28  meal period violations.

1    125.  Defendant MCHAIRY acted on behalf of GRASSHOPPER and caused
2    this meal period violations.

3    126.  Plaintiff SODHI prays for civil penalties in an amount in excess of
4    $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

5    ### NINTH CAUSE OF ACTION

6    **CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS**

7    **(AGAINST GRASSHOPPER and DOES 1-5)**

8    127.  Plaintiff refers to and incorporates by reference Paragraphs 1 through
9    126.

10    128.  This cause of action is brought against GRASSHOPPER and DOES 1-5,
11    jointly and individually.

12    129.  Cal. Labor Code § 226(a)(9) requires that the employer provide a pay
13    stub that lists "all applicable hourly rates in effect during the pay period and the
14    corresponding number of hours worked at each hourly rate by the employee."

15    130.  Cal. Labor Code § 226(a)(1) requires that the gross wages earned by the
16    employee.

17    131.  Plaintiff SODHI is informed and believes that Defendants failed to
18    comply with Labor Code § 226(a) for all AGGRIEVED EMPLOYEES.

19    132.  At least one such violation against an AGGRIEVED EMPLOYEE
20    occurred within the period of time one (1) year prior to Plaintiff giving notice to the
21    LWDA.

22    133.  Cal. Labor Code § 226.3 provides that any employer who violates §
23    226(a) will be subject to a civil penalty of $250 per employee per pay period.

24    134.  Plaintiff SODHI prays for civil penalties in an amount in excess of
25    $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

26

27

28

## TENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR FAILING TO KEEP RECORDS

### (AGAINST GRASSHOPPER and DOES 1-5)

135.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 134.

136.   This cause of action is brought against GRASSHOPPER and DOES 1-5, jointly and individually.

137.   California Code of Regulations, Title 8, § 11050 requires that the employer keep track of the start and stop time of each shift and the start and stop time for each meal break.

138.   Plaintiff SODHI is informed and believes that Defendants willfully failed to keep proper start and stop time records for all AGGRIEVED EMPLOYEES.

139.   At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

140.   Cal. Lab. Code § 1174(d) required employers to keep accurate records as required by the Wage Order, and as such is actionable under Cal. Lab. Code § 2698, et seq.

141.   Plaintiff SODHI prays for civil penalties in an amount in excess of $500 and subject to proof at time of trial, costs and reasonable attorney's fees.

**WHEREFORE,** Plaintiff prays for the following relief:

1.   That this action be certified as a class action.

2.   That approval be given to proceed as a collective action.

3.   Damages for overtime not paid to Plaintiff SODHI in an amount in excess of $34,950 and subject to proof at trial.  Damages for class members in an amount subject to proof at trial.

4.  For liquidated damages in the amount in excess of $34,950 and subject to proof at trial. Liquidated damages for collective action members.

5.  Damages for meal premiums not paid to Plaintiff SODHI and class members in an amount subject to proof at trial.

6.  For damages and penalties under Labor Code § 226 for Plaintiff SODHI in an amount subject to proof at trial.

7.  For penalties and damages pursuant to Labor Code § 203 for Plaintiff SODHI in an amount of $8,400 and subject to proof at trial.

8.  For $750 for failure to allow Plaintiff to inspect or copy records in a timely manner.

9.  For restitution and disgorgement for all unfair business practices against Plaintiff SODHI and class members in an amount subject to proof at trial.

10. For prejudgment and post judgment interest.

11. Civil penalties under the Private Attorney General Act in an amount in excess of $400,000 and subject to proof at trial.

12. Cost of suit.

13. Attorneys' fees.

14. For such other and further relief as the court may deem proper.

DATED:  November 30, 2009          LAW OFFICES OF MICHAEL TRACY

By:  _____

MICHAEL  TRACY, Attorney  for  Plaintiff RANJIT SODHI

1

2    ## DEMAND FOR JURY TRIAL

3    Plaintiff demands a jury trial.

4    DATED:  November 30, 2009        LAW OFFICES OF MICHAEL TRACY

5

6                                By:  _____

7                                     MICHAEL   TRACY,   Attorney   for   Plaintiff
                                      RANJIT SODHI
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR LABOR VIOLATIONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV09- 8927 GHK (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs)*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you

COPY

Michael L Tracy, Esq.    SBN237779
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
949-260-9171
mtracy@michaeltracylaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RANJIT SODHI, an individual, on behalf of herself and other similarly situated and on behalf of The *State of California Labor and Workforce Development* PLAINTIFF(S) *Agency as Private Attorney General*

CASE NUMBER

**CV09  08927  GHK  VBKx**

Grasshopper House LLC, A California Limited Liability Company;  Chris Prentiss, An Individual; Pax Prentiss, An Individual; Jeff Mcnairy, *An Individual and DOES 1 through 10, inclusive*
DEFENDANT(S).

**SUMMONS**

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you

Within _21_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael Tracy_____, whose address is _2030 Main Street, Suite 1300, Irvine, CA 92614_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**LA'REE HORN**

Dated: _DEC - 4 2009_

By. _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States  Allowed 60 days by Rule 12(a)(3)]*





# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
RANJIT SODHI, an individual, on behalf of herself and other similarly situated and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General

**DEFENDANTS**
GRASSHOPPER HOUSE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, CHRIS PRENTISS, AN INDIVIDUAL, PAX PRENTISS, AN INDIVIDUAL, JEFF MCNAIRY, AN INDIVIDUAL, and DOES 1 through 10,
inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same )
Michael Tracy SBN 237779    Megan Ross Hutchins SBN 227776
Law Office of Michael Tracy
2030 Main Street, Ste 1300, Irvine, CA 92614    (949)260-9171

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only )

- □ 1 U S Government Plaintiff
- ☑ 3 Federal Question (U S Government Not a Party)
- □ 2 U S Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant )

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only )

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify)
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT    JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint )

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  □ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ 480,000 00

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause  Do not cite jurisdictional statutes unless diversity )
29 U S C section 201 et seq    Failure to pay overtime

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc | □ 140 Negotiable Instrument | □ 330 Fed Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl Ret Inc Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl Veterans) | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 640 R R & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | **REAL PROPERTY** | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | **REAL PROPERTY** | □ 210 Land Condemnation | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 220 Foreclosure | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info Act | □ 220 Foreclosure | □ 230 Rent Lease & Ejectment | □ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 240 Torts to Land | **IMMIGRATION** | | □ 870 Taxes (U S Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | □ 245 Tort Product Liability | □ 462 Naturalization Application | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | □ 290 All Other Real Property | □ 463 Habeas Corpus-Alien Detainee | | |
| | □ 290 All Other Real Property | | □ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:** Case Number    **CV09    08927**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s) _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A  Arise from the same or closely related transactions, happenings, or events, or
   ☐ B  Call for determination of the same or substantially related or similar questions of law and fact, or
   ☐ C  For other reasons would entail substantial duplication of labor if heard by different judges, or
   ☐ D  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary )

(a) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH named plaintiff resides
☐   Check here if the government, its agencies or employees is a named plaintiff  If this box is checked, go to item (b)

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH named defendant resides
☐   Check here if the government, its agencies or employees is a named defendant  If this box is checked, go to item (c)

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District, California County outside of this District, State if other than California, or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note  In land condemnation cases, use the location of the tract of land involved

X  SIGNATURE OF ATTORNEY (OR PRO PER) _____  Date 12/2/2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet  (For more detailed instructions, see separate instructions sheet )

Key to Statistical codes relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended  Also, include claims by hospitals, skilled nursing facilities, etc , *for certification as providers of services under the program  (42 U S C  1935FF(b))* |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969  (30 U S C  923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability  (42 U S C  405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended  (42 U S C  405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended  (42 U S C  (g)) |