MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
MHUTCHINS@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff RANJIT SODHI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| RANJIT SODHI, | Case No.:  CV09-08927-GHK-VBKx |
|---|---|
| Plaintiff, | **REPORT OF PARTIES' PLANNING MEETING** |
| vs. | Conference: April 19, 2010 1:30PM |
| GRASSHOPPER HOUSE LLC, *et al.*, | |
| Defendants. | |

Pursuant to this Court's Order, the parties jointly report the following:

**1. Subject matter jurisdiction.**

This Court has subject matter jurisdiction because it raises a federal questions. Namely, whether not violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*) were committed. Plaintiff contends that this Court has supplemental jurisdiction over all the State law claims because they are part of the same case and controversy as the federal claim.  For instance, there are claims for missed meal periods under California law.  However, the contention is that Plaintiffs were actually working during their meal periods, so this time must be counted as hours worked. Thus, a violation of missing the meal break would also mean that 30 more minutes of work was

-1-
JOINT REPORT

performed and thus 30 more minutes would be paid under the FLSA claim. It would not be possible to adjudicate one claim without the other. That is, if a Court determined that the Plaintiffs did not work the 30 minutes as part of their FLSA claim, it would automatically mean that they did receive a 30 minute break, which would defeat their California claim. In addition, the California Business and Profession claim includes claims for violations of the FLSA. As such, the California causes of action make up the same case or controversy as the federal claim. 28 U.S.C. § 1367(a)

## 2.  Plaintiff's contentions

Defendant Grasshopper House LLC is better known by its trade name of "Passages." Passages is a premium addiction cure center located in Malibu, California. The putative class members worked at Passages as nurses, attendants, and other healthcare professionals. The employees were paid on an hourly basis and were paid overtime based on a company policy.

There are really two main factual/legal issues: (1) whether overtime was properly paid and (2) whether meal breaks were actually taken and/or improperly deducted from the number of hours worked. In terms of overtime, this case presents a fairly rare case where federal law actually provides more overtime protection to the employees than California law. For healthcare institutions, California has a special overtime provision that allows an employer to pay its employees overtime only when more than 80 hours in a two-week period are worked. That is, for healthcare institutions, there is no requirement of overtime past 8 hours in a day, if they are operating on the two-week period computation. Defendant paid its employees according to this plan up until September of 2009. Federal law has a similar provision that allows healthcare institutions to pay its employees overtime after 80 hours in a two-week period. However, unlike California law, federal law only allows this if the employees are also paid overtime after 8 hours in a day. The employees generally worked 10-12 hours shifts and did not receive overtime after 8 hours in a day. Under this theory, Plaintiffs seek the additional overtime compensation due under federal law.

Plaintiffs also contend that they were improperly deducted for meal breaks. That is, they contend that the company had a policy of automatically deducting 30 minutes from an employee's

time clock even if no break was taken. This caused two violations simultaneously. Namely, the employee should have been paid for the 30 minutes of work. As the employees worked more than 8 hours in a day, this extra 30 minutes should have been paid as overtime, as required by the FLSA. It also triggers a penalty for not receiving a meal break. That is, California law requires that an employee receive an additional hour of pay for each day in which a meal break is not taken. Plaintiff contends that this additional pay must be included in computing the regular rate of pay for purposes of overtime.

Plaintiff also contends that adequate rest breaks were not taken. Similar to above, if additional compensation for these rest breaks is due, Plaintiff contends that it must be included in the computation of the regular rate of pay under which the FLSA overtime is computed.

Finally, Plaintiff is pursing civil penalties under the Private Attorney General Act of 2004. These claims are brought as a proxy agent for the State of California and 75% of all penalties recovered is paid to the State and the remaining 25% paid to Ms. Sodhi. These claims are for civil penalties for the same violations described above. That is, when an employee is not paid overtime for a given week, the State of California can sue the employer for a $100 penalty per employee per pay period. In this case, Ms. Sodhi is acting on behalf of the State of California as a private attorney general.

## 3. Defendant's contentions

Defendants dispute all of Plaintiff's contentions.

## 4. Amendments to pleadings

Plaintiff anticipates amending her pleadings to add additional class members and bring in an additional sub-class. Plaintiff proposes that the pleadings be closed after July 2, 2010.

## 5. Discovery

Initial disclosures will be exchanged on April 23, 2010.

The parties propose that non-expert discovery be completed by February 4, 2011.

The parties propose that expert discovery be completed by March 4, 2011.

Plaintiff does not wish to change the discovery limitations imposed by the Rules.

Plaintiff does not wish to conduct discovery in phases.

Plaintiff will need to conduct discovery to get the time and payroll records for the class members. These records are stored in electronic format and the parties will discuss and agree on a format in which to produce them. Plaintiff will also need to take deposition of managers and company representatives responsible ensuring that meal breaks were taken and of those responsible for setting the policy for paying overtime.

## 6. Class certification

Plaintiff proposes bringing a motion for collective action certification by April 30, 2010.

Plaintiff propose bringing a motion for class certification by June 25, 2010. If Plaintiff amends her pleadings, Plaintiff proposes bringing a motion for class certification within 90 days after the amendment.

## 7. Settlement

The parties have briefly discussed settlement. The parties believe that future settlement discussions may prove fruitful. The parties agree to Option 3 (private mediation). Mediation to be complete by July 2, 2010.

## 8. Trial

The parties propose May 9, 2011 for the Pre-Trial Conference.

The parties propose June 13, 2011 for Trial.

Plaintiff estimates 10 days for her case-in-chief, assuming it has been certified as a class.

Defendants estimate 5 days for their rebuttal-in-chief.

The trial will be to a jury.

Michael Tracy will be lead trial attorney for Plaintiff.

Thomas Nitti will be lead trial attorney for Defendants

DATED:  April 5, 2010    LAW OFFICES OF MICHAEL TRACY

By: /s/ Michael Tracy
_____
MICHAEL TRACY, Attorney for Plaintiff RANJIT SODHI

DATED:  April 5, 2010    LAW OFFICES OF THOMAS NITTI

By: _____
THOMAS NITTI, Attorney for Defendants